FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 15 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ROBERT FREESE,

                                  Plaintiff,

-against-

SERGEANT JOHN MATTINA, *Shield No. 3346*,
DETECTIVE VINCENT AGOSTINO, *Shield No. 3764*,
POLICE OFFICER LEONID SHATKIN, *Shield No. 18486*, and POLICE OFFICER VINCENT SETTEDUCATO, *Shield No. 26690*,

                                  Defendants.

-------------------------------------------------------------------x

**STIPULATION AND ORDER OF CONFIDENTIALITY**

17-CV-4390 (WFK) (LB)

**WHEREAS,** the parties intend to produce certain documents and information pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure;

**WHEREAS,** the parties will only produce these documents and information if appropriate protection for its confidentiality is assured;

**WHEREAS,** pursuant to Court Order dated April 26, 2018, the Honorable Lois Bloom ordered the parties to enter into a "mutual protective order;" and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among plaintiff, proceeding pro se, and/or plaintiff's future counsel, and the attorney for defendants, as follows:

1. As used herein, "Action" shall mean the pending action between plaintiff and defendants captioned Robert Freese v. Mattina et al., 17-CV-4390 (WFK) (LB).

2. As used herein, without waiving any objections the parties might seek to interpose regarding production of these documents, "Confidential Materials" shall mean:

   a. New York Police Department ("NYPD") personnel and disciplinary-related records and information, if any;

   b. Records of investigations regarding the conduct of members of the NYPD conducted by the NYPD or other agencies, if any;

   c. Medical records of defendants, if any;

   d. Medical records of plaintiff, if any; and

   e. Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by Defendants or the Court.

3. The documents and information as defined in Paragraph 2 shall not be designated "Confidential Materials" to the extent that they are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

4. The parties shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5. The parties shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b.  Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party or party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c.  Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

d.  Before any disclosure is made to a person listed in subparagraphs (a) or (b) above (other than to the Court), the relevant party shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The relevant party shall retain the signed consent and furnish a copy to the opposing party upon request at a deposition or immediately before trial, although the name of an expert that the relevant party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

6.  A party may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a

question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the party or their counsel.

7. If a party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to the opposing party, and the parties shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved, the objecting party shall, within 45 days of the initial objection, request that the Court remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9. Nothing in this Stipulation shall be construed to limit a party's use of their own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available.

10. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

11. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the parties, or anyone receiving confidential documents pursuant to paragraph 4 herein, for any purpose without prior Court approval.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

12. The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

Dated: May 7th 2018
New York, New York

| | |
|---|---|
| ROBERT FREESE<br>Plaintiff *Pro Se*<br>DIN No. 17-R-1816<br>Franklin Correctional Facility<br>62 Bare Hill Road, P.O. Box 10<br>Malone, NY 12953-0010 | ZACHARY W. CARTER<br>Corporation Counsel of the City of New York<br>*Attorney for defendants Mattina, Agostino, Shatkin and Setteducato*<br>100 Church Street<br>New York, NY 10007 |
| By: /s/ ROBERT FREESE | By: /s/ SAMANTHA R. MILLAR   5/14/18 |

SO ORDERED:
/S/ Judge Lois Bloom

THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
DATED: 5/15/18

# EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York dated _____, in the action entitled <u>Robert Freese v. Mattina et al.</u>, 17-CV-4390 (WFK) (LB), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____        _____
Date                                                                          Signature

                                                                           _____
                                                                           Print Name

                                                                           _____
                                                                           Occupation