UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT FREESE,

                Plaintiff,

-against-

SERGEANT JOHN MATTINA, *Shield No. 3346*,
DETECTIVE VINCENT AGOSTINO, *Shield No. 3764*,
POLICE OFFICER LEONID SHATKIN, *Shield No. 18486*, and POLICE OFFICER VINCENT SETTEDUCATO, *Shield No. 26690*,

                Defendants.
------------------------------------------------------------------X

**ORDER**
**17 CV 4390 (WFK)(LB)**

**BLOOM, United States Magistrate Judge:**

Defendants write in response to the Court's May 10, 2018 Order, to oppose plaintiff's request to have his deposition taken via video conference at Franklin Correctional Facility. ECF No. 60. Franklin Correctional Facility cannot accommodate such a request. Accordingly, plaintiff's request, ECF No. 54, is denied. Defendant shall notify plaintiff of the arrangements for his deposition. Whether he has an attorney or is proceeding *pro se*, plaintiff should answer defendants' questions at his deposition truthfully and to the best of his ability. His answers to questions at his deposition can be used later in this litigation.

By separate letter motion, plaintiff writes to request *pro bono* counsel. ECF No. 59. Plaintiff's request for *pro bono* counsel is denied without prejudice. "[I]t is well-settled that, except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases." Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 453 (2d Cir. 2013) (citations omitted). The Court cannot compel an attorney to represent a litigant in a civil case without a fee. Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). Rather, the Court may only request an attorney to volunteer and looks to a number of factors to determine whether it is appropriate to request a

1

volunteer attorney for a particular case. The first consideration is whether the plaintiff's position is "likely to be of substance." Ferelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003). At this early stage of the litigation, plaintiff's complaint does not establish the threshold requirement that plaintiff's claims are "likely to be of substance." Accordingly, plaintiff's request for *pro bono* counsel is denied without prejudice.

SO ORDERED.

/S/ Judge Lois Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: June 1, 2018
       Brooklyn, New York